PATRICIA BARBOSA, Esq. (SBN 125865)
BARBOSA GROUP
9341 Candlewood Drive
Huntington Beach, CA 92646
Tel: (714) 465-9713
Fax: (714) 465-9628
Email: Barbosagrp@aol.com

JORDON METZ, Esq. (SBN 167355)
MARGARET BYRNE IKEDA, (SBN 222303)
GOODMAN & METZ
17043 Ventura Boulevard
Encino, California 91316-4128
Telephone: (818) 386-2889
Facsimile: (818) 986-2889

Attorneys for Plaintiff, RICHARD SKAFF

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD SKAFF<br><br>            Plaintiff,<br><br>and<br><br>CITY OF SACRAMENTO; STATE OF CALIFORNIA; and DOES 1 through 50, inclusive,<br><br>            Defendants.<br>_____/ | CASE NO.: 2:09-CV-01715-JAM-EFB<br><br>STIPULATION AND ORDER TO DISMISS FEDERAL CLAIMS AS TO DEFENDANT CITY OF SACRAMENTO ONLY AND REMAND CASE TO STATE COURT |

Plaintiff Richard Skaff, and Defendant the City of Sacramento through their counsel hereby stipulate to the dismissal of the First and Second Causes of Action as to Defendant City of Sacramento only, and submit a proposed order remanding Plaintiff's First Amended Complaint back to Superior Court for the County of Sacramento, based on the following good cause:

/ / /

/ / /

/ / /

1. On May 6, 2009, Plaintiff filed a First Amended Complaint in Superior Court of the State of California for the County of Sacramento against Defendants, the City of Sacramento and the State of California alleging violations of California Civil Rights laws and regulations, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973.

2. Plaintiff served Defendants with the First Amended Complaint. The State of California filed its Answer in Superior Court, and the City of Sacramento filed a Notice of Removal of Action under 28 U.S.C. 1441(b) to remove the case to the U.S. District Court, Eastern District, on the basis that the complaint alleged violations of federal law. The case was assigned to the Honorable John A. Mendez, who issued an order for a Joint Status Report.

3. After receiving the Notice of Removal, Plaintiff's counsel contacted Deputy Attorney General Alberto Gonzales, who is counsel for the State of California, to discuss the Notice of Removal, and to inquire as to whether the State of California would agree to waive its 11th Amendment Immunity rights and agree to the federal jurisdiction. Mr. Gonzales indicated that it was the policy of the State of California **not** to waive its 11th Amendment Immunities and declined to accept federal jurisdiction over the State of California.

4. Plaintiff has offered to dismiss its federal claims in order to remand the case back to State court as a means of adjudicating all of his claims in one jurisdiction and one court. Defendant has stipulated to the dismissal of Plaintiff's federal claims and agreed to remand the case back to State court.

5. Good cause exists for the Court to use its discretion to dismiss Plaintiff's federal claims, and to remand this matter back to State court. If the Court does not dismiss the federal claims and remand the case back to State court, Plaintiff would face proving his federal claims in two separate jurisdictions with two finders of fact regarding the same incident and the same facts. Plaintiff would be severely prejudiced as his claims for injunctive relief of this case cannot now be coordinated between the State of California and the City of Sacramento due to the two distinct jurisdictions and finders of fact. The result will be that Plaintiff cannot serve the public purpose of his case; to eliminate discrimination in the public programs for the State and the City, because he cannot control which Defendant will rush to address each issue, and cannot control conflicting orders issued by each court, or the estoppel by one Court over another based on who rules first. Given the real and severe potential for prejudice to Plaintiff

and his inability to obtain a coordinated order for injunctive relief claims, the court should accept the dismissal of federal claims, and not maintain jurisdiction of only State claims in this matter. Failure to accept this stipulation will also result in increased fees and costs to try two cases at the same time, and the result may be contradictory.

6. Defendant City of Sacramento and Plaintiff Richard Skaff hereby agree and stipulate to Plaintiff dismissing the First and Second Causes of Action in his First Amended Complaint as to Defendant City of Sacramento only, and to remand the case back to the Superior Court for the County of Sacramento, Case No. **34-2008-00027770-CU-CR-GDS.**

7. As the Notice of Removal was based on the federal causes of action in Plaintiff's First Amended Complaint, which the parties agree can be dismissed, the Parties request that this matter be remanded to the Superior Court, where all of the parties can adjudicate the remaining causes of action in the First Amended Complaint.

                    PATRICIA BARBOSA
                    BARBOSA GROUP

                    JORDON METZ
                    MARGARET BYRNE IKEDA
                    GOODMAN & METZ

Dated: August 21, 2009           /S/ (Margaret Byrne Ikeda)
                                        Attorneys for Plaintiff
                                        RICHARD SKAFF


                    DAVID WOMACK

Dated: August 21, 2009           /S/ (David Womack)
                                        Attorneys for Defendant
                                        CITY OF SACRAMENTO

///
///
///

FOR GOOD CAUSE SHOWN:

    The First and Second Causes of Action in Plaintiff's First Amended Complaint is hereby dismissed with prejudice as to Defendant City of Sacramento only.  This case is hereby remanded to the Superior Court for the State of California, Case No. 34-2008-00027770-CU-CR-GDS in the City of Sacramento

Dated:  August 21, 2009                                  /s/ John A. Mendez
                                                                 JOHN A MENDEZ
                                                                 U.S. District Judge